STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-03-002
GAB-YOR - 4/7/0003

ALTON MESERVE,

Plaintiff

v.

MAYNARD & BARBARA
WHITEHOUSE,

Defendants

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

APR 10 2003

Before this court is the Defendants' Motion to Dismiss pursuant to M.R.Civ.P. 12(b)(6) or, alternatively, Motion for a More Definite Statement pursuant to M.R.Civ.P. 12(e).

## FACTS

Alton Meserve, the Plaintiff, owns property in the Town of Hollis, Maine. Maynard and Barbara Whitehouse, the Defendants, own property abutting the Plaintiff's in the Town of Hollis, Maine. The Plaintiff states that the Defendants claim to own a portion of the Plaintiff's property. As a result, according to the Plaintiff, this cloud on title has on several occasions thwarted the sale of his property.

On January 3, 2003, the Plaintiff filed a complaint seeking the following: Count I a declaratory judgment pursuant to 14 M.R.S.A. §§ 5951-5963.; Count II an action to quiet title pursuant to 14 M.R.S.A. §§ 6651-6654; and Count III intentional interference with a business relationship. Throughout the complaint

the Plaintiff refers to various deeds and also a survey map, all of which are housed at the York County Registry of Deeds. The Plaintiff has not attached copies of these documents to the pleadings.

## DISCUSSION

The Defendants argue that that the Plaintiff has failed to state a cause of action by not "setting forth his estate" or "describing the premises" in the complaint so as to comply with 14 M.R.S.A. § 6651.[1] In other words, the Defendants contend that the Plaintiff should have averred that he had, say, a fee simple estate and should not have described the property in dispute by referring to documents outside of the pleadings. The Rules of Civil Procedure, however, only require "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R.Civ.P. 8(a). The question is whether the Plaintiff has given the Defendants enough information in the complaint so that they can frame an answer.

---

[1] This statute states as follows:

> A person in possession of real property, claiming an estate of freehold therein or an unexpired term of not less than 10 years, or a person who has conveyed such property or any interest therein with covenants of title or warranty, upon which he may be liable, may, if he or those under whom he claims or those claiming under him have been in uninterrupted possession of such property for 4 years or more, bring an action in the Superior Court, or in the District Court in the county or district respectively in which said real property lies, *setting forth his estate*, stating the source of his title, *describing the premises*, and averring that an apprehension exists that persons named in the complaint, or persons unknown claiming as heirs, devisees or assigns, or in any other way, by, through or under a person or persons named in the complaint, claim or may claim some right, title or interest in the premises adverse to his said estate; and that such apprehension creates a cloud upon the title and depreciates the market value of the property; and praying that such persons be summoned to show cause why they should not bring an action to try their title to the described premises. If any such supposed claimants are unknown, the plaintiff or his attorney shall so allege under oath, but the truth of the allegation shall not after decree has been filed be denied for the purpose of defeating the title established thereby. A person in the enjoyment of an easement is in possession of real property within the meaning and for the purposes of this section.

14 M.R.S.A. § 6651 (1980) (emphasis added).

A fair reading of the complaint implies that the Plaintiff owns the disputed property in fee simple. For example, the Plaintiff states he is "the record owner of certain real estate located in the Town of Hollis, County of York and State of Maine" and then provides the book and page numbers to find the requisite deeds at the York County Registry of Deeds. (Compl. ¶3). The use of the words "record owner" suggest that the Plaintiff's property is held in fee simple because nothing else in the complaint suggests that the Plaintiff does not own the property outright, or that he cannot sell or devise the property outright. See 1 CASPAR F. COWAN, MAINE REAL ESTATE LAW AND PRACTICE, § 121 (1990).

Hence, the Plaintiff has implicitly set forth his estate as required by 14 M.R.S.A. § 6651. In addition, the Plaintiff should not be required to provide a more definite description of the disputed property because the Defendants can find an exact description by referring to appropriately cited documents at the York County Registry of Deeds. Researching these documents will also confirm the status of the Plaintiff's estate.

Therefore, the Motion to Dismiss is Denied, no sanctions are imposed.

The clerk may incorporate this order in the docket by reference.

Dated: April 7, 2003

G. Arthur Brennan
Justice, Superior Court

Frank K. N. Chowdry, Esq. - PL
Douglas Hendrick, Esq. - DEFS

3